# Exhibit A, Attachment 2
# Civ. No. 06-00932 (RWR)

1  BRENDAN CUMMINGS (CA Bar # 193952)
   KASSIA R. SIEGEL (CA Bar # 209497)
2  Center for Biological Diversity
   P.O. Box 493
3  54870 Pine Crest Ave.
4  Idyllwild, CA 92549
   Ph: (909) 659-6053/Fx: (909) 659-2484
5
   BRENT R. PLATER (CA Bar # 209555)
6  Center for Biological Diversity
   2325 Carleton St., Ste. A
7  Berkeley, CA 94704
   Ph: (510) 841-0812/Fx: (510) 841-0187
8
9  Attorneys for Plaintiff

10 THOMAS SANSONETTI, Assistant Attorney General
   JEAN WILLIAMS, Chief
11 SETH M. BARSKY, Assistant Chief
   JASON T. COHEN, Trial Attorney
12 U.S. Department of Justice
   Environment & Natural Resources Division
13 Wildlife & Marine Resources Section
14 Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
15 Ph: (202) 305-0207/Fx: (202) 305-0275

16 Attorneys for Defendants

Court Reporter:
Rosita P. Flores
(415) 487-9642

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendant. | Case No. C-02-0558-WHA <br><br> **STIPULATED SETTLEMENT AGREEMENT** + consent Decree <br><br> Judge: Hon. William Alsup |

ENTERED IN CIVIL DOCKET 6/11/02

58

COPIES MAILED TO SUBMITTING COUNSEL

Plaintiff Center for Biological Diversity ("Center"), and Defendant, United States Fish and Wildlife Service ("Service"), by and through their undersigned counsel, say as follows:

WHEREAS, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.* (1973), a petition to list the California tiger salamander (*Ambystoma californiense*) as an endangered species was received by the Service on February 21, 1992;

WHEREAS, on October 27, 1992, the Service found that the petition to list the California tiger salamander presented substantial information indicating the requested action may be warranted, see 57 Fed. Reg. 54545 (Nov. 19, 1992);

WHEREAS, the Service found the petition to list the California tiger salamander to be warranted but precluded by pending listing actions on higher priority species on April 18, 1994 (59 Fed. Reg. 18353), February 28, 1996 (61 Fed. Reg. 7596), Sept. 19, 1997 (62 Fed. Reg. 49398), Oct. 25, 1999 (64 Fed. Reg. 57534), and October 30, 2001 (66 Fed. Reg. 54808);

WHEREAS, on June 12, 2001, the Service received a petition from the Center entitled, "Petition to List the Sonoma County Population of the California Tiger Salamander as Endangered Under the Endangered Species Act on an Emergency Basis" ("Sonoma salamander petition");

WHEREAS, on February 27, 2002, the Center filed a First Amended Complaint for Declaratory and Injunctive Relief alleging four (4) claims for relief, as follows:

(1) the Service violated the ESA, 16 U.S.C. § 1533(b)(3), and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, by failing to make a 90-day finding on the petition to list the Sonoma County DPS of the California tiger salamander ("Sonoma salamander") on an emergency basis;

(2) the Service violated the ESA, 16 U.S.C. § 1533(b)(3)(C), and the APA, by failing to take action to prevent a significant risk to the well being of the California tiger salamander;

(3) the Service violated the ESA, 16 U.S.C. § 1533(b)(3)(C), and the APA, by failing to implement a system to effectively monitor the status of all warranted but precluded species; and

(4) the Service violated the ESA, 16 U.S.C. § 1533(b)(3)(C), and the APA, by failing to make a lawful 12-month finding on the petition to list the California tiger salamander,

WHEREAS, the Service has not yet issued a proposed listing regulation for the statewide population of the California tiger salamander under 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the Service has not yet issued a 90-day finding on the Sonoma salamander petition under 16 U.S.C. § 1533(b)(3)(A);

WHEREAS, the Center and the Service, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Center's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the dispute over the claims raised in Plaintiff's First Amended Complaint;

WHEREAS, all parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

THE PARTIES THEREFORE AGREE AS FOLLOWS:

1. On or before July 15, 2002, the Service shall submit for publication in the <u>Federal Register</u> a 90-day finding on the petition to list the Sonoma County Distinct Vertebrate Population Segment of the California tiger salamander ("Sonoma salamander"), as a Distinct Vertebrate Population Segment ("DPS"), and (if the 90-day finding is positive) a 12-month finding on the petition to list the Sonoma salamander. Such finding shall consider whether the Sonoma salamander faces an emergency within the meaning of ESA Section 4(b)(7), 16 U.S.C. § 1533(b)(7).

2. If the Service determines that the Sonoma salamander does face an emergency within the meaning of ESA Section 4(b)(7), then, on or before July 15, 2002, the Service shall submit to

the Federal Register, for immediate publication, an emergency listing rule. Submission and publication of an emergency listing rule may moot out the need to reach the findings referenced in Paragraph 1.

3. If the Service determines that the Sonoma salamander faces an emergency within the meaning of ESA Section 4(b)(7), the Service shall concurrently submit a proposed rule to list the species to the Federal Register.

4. If the Service issues a regulation emergency listing the Sonoma salamander, the Service will submit to the Federal Register a final listing determination on the Sonoma salamander such that it will be published before the expiration of the emergency listing rule.

5. The Service shall submit for publication in the Federal Register a proposed rule to list the California tiger salamander throughout its remaining range in California on or before May 15, 2003.

6. The Service shall submit for publication in the Federal Register a final determination on the proposed rule to list the California tiger salamander throughout its remaining range in California on or before May 15, 2004.

7. The Service shall provide copies of all documents mentioned above which are submitted to the Federal Register to the Center's counsel at the time the documents are submitted to the Federal Register.

8. The parties agree that this Settlement Agreement ("Agreement") was negotiated in good faith and constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, the Center and the Service do not waive any claim or defense on any grounds in this or any other case.

9. Upon approval of this Agreement by the Court, the Center's First Amended

Complaint shall be dismissed in its entirety. Claims I, II, and IV shall be dismissed with prejudice, and Claim III shall be dismissed, with prejudice only as to the California tiger salamander. Said dismissals shall apply to and be binding upon the parties hereto and anyone acting on their behalf, including successors, employees, agents, elected and appointed officers, and assigns.

10. No provision of this Stipulated Settlement Agreement shall be interpreted as or constitute a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the Defendants take actions in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.

11. Notwithstanding the dismissal of Plaintiff's First Amended Complaint, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement to allow any party to enforce the terms of the stipulated settlement and to resolve any motions to modify such terms. The Court's continued jurisdiction shall also apply to any disputes over attorneys' fees and costs should the parties' good faith efforts to settle the claim for such fees and costs, as provided in Paragraph 15 herein, be unsuccessful. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

12. In the event that pursuant to the preceding paragraph either party seeks to modify the deadline for the action specified in Paragraphs 1 through 6, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 13.

13. In the event of any dispute, claim, or controversy arising out of or relating to this Agreement or an alleged breach thereof, the parties shall use their best efforts to settle the

Stipulated Settlement Agreement              - 5 -              Case No. C-02-0558-WHA

controversy. To this effect, the party raising the dispute shall give written notice to the other party stating the nature of the matter to be resolved and the position of the party asserting the controversy. The parties shall consult and negotiate with each other in good faith and, recognizing their mutual interests, attempt to reach a just and equitable solution satisfactory to all parties. If the parties do not resolve the controversy to their mutual satisfaction within 10 working days from the date on which the notice of controversy is delivered, the aggrieved party may file a motion for relief to be adjudicated by the Court. The party filing such motion may request an expedited briefing schedule and a hearing date to be set by the Court.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The Service agrees that the Center is the "prevailing party" in this case, and agrees to pay the Center's reasonable attorneys' fees and costs associated with such claim, such amount to be negotiated by the parties upon the Service's receipt of the Center's fee request. If the parties cannot agree on the amount of such fees within 45 days of the court order approving the Agreement, the Center shall file a motion for attorneys' fees and costs with the Court with the appropriate supporting papers in accordance with local rules.

16. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

Dated: May 13, 2002.                                    Dated: May 13, 2002.

*(signature)*

for BRENDAN CUMMINGS *with Authorization.*     THOMAS SANSONETTI
KASSIA R. SIEGEL                                Assistant Attorney General
Center for Biological Diversity                 JEAN E. WILLIAMS, Section Chief
P.O. Box 493                                    SETH M. BARSKY, Assistant Chief
54870 Pine Crest Ave.
Idyllwild, CA 92549                             *(signature)*
Phone: (909) 659-6053
Fax:  (909) 659-2484                            JASON T. COHEN
                                                Trial Attorney
BRENT R. PLATER                                 United States Department of Justice
Center for Biological Diversity                 Environment & Natural Resources Division
2325 Carleton St., Ste. A                       Wildlife & Marine Resources Section
Berkeley, CA 94704                              Ben Franklin Station, P.O. Box 7369
Phone: (510) 841-0812                           Washington, D.C. 20044-7369
Fax: (510) 841-0187                             Phone: (202) 305-0207
                                                Fax: (202) 305-0275
Attorneys for Plaintiff
                                                Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____6/6/02_____                              _____*(signature)*_____
Date                                            WILLIAM ALSUP
                                                United States District Court Judge

Stipulated Settlement Agreement          - 7 -                    Case No. C-02-0558-WHA