# Exhibit A, Attachment 6
# Civ. No. 06-00932 (RWR)

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   HOME BUILDERS ASS'N OF
     NORTHERN CALIFORNIA, et al.,
12                                           NO. CIV. S-04-345 LKK/GGH

13         Plaintiffs,

14      v.                                        O R D E R

15   STEVEN A. WILLIAMS, Director
     of the United States Fish and
16   Wildlife Service, et al.,

17         Defendants.
     _____/
18

19      Plaintiffs filed this action against the Fish and Wildlife

20   Service ("FWS") pursuant to the Endangered Species Act ("ESA"), 16

21   U.S.C. §§ 1531 et seq., and the Administrative Procedures Act

22   ("APA"), 5 U.S.C. § 706, seeking review of the FWS' final agency

23   actions.  The challenged final agency actions consist of the FWS'

24   determinations that the California tiger salamanders ("CTS")

25   located in Santa Barbara County and Sonoma Counties are a valid

26   "distinct population segment" ("DPS") and endangered species.  This

                                    1

matter comes before the court on the plaintiffs' and the federal defendants' joint motion to dismiss without prejudice.  The intervenor-defendants, the Center for Biological Diversity and the Environmental Defense Center (collectively "the Centers"), oppose the motion.  I decide the motion based on the papers and pleadings filed herein and after oral argument.

**I.**

**BACKGROUND**

The defendant-intervenors are environmental organizations with a long history of advocating for the protection of the Santa Barbara and Sonoma CTS.  After years of unsuccessfully advocating for their protection, the groups filed multiple suits against the FWS pursuant to the ESA seeking the listing of the CTS as a threatened or endangered species under the statute.  As a result of these efforts, the FWS designated the County CTS as Distinct Population Segments ("DPS"), pursuant to 61 Fed. Reg. 4722 (Feb. 7, 1996) ("DPS Policy"), and listed them as endangered as provided by § 4 of the ESA, 16 U.S.C. § 1533.  Id.

On February 19, 2004, a broad coalition of public agencies, home builders, and agricultural and labor interests filed this action to vacate the listing of the County CTS as endangered species.  On April 9, 2004, this court granted the environmental organizations' motion to intervene after determining that the delisting of the CTS as an endangered DPS will, as a practical matter, impair their ability to protect their interests in the Sonoma and Santa Barbara CTS.  Plaintiff and federal defendants now

1    seek dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), of their

2    challenges to the federal-defendants' listing of the Santa Barbara

3    and Sonoma CTS as distinct population segments ("DPS") and as

4    endangered species under the ESA.

5                       **II.**

6                  **STANDARD**

7      Fed. R. Civ. P. 41(a)(2) requires a plaintiff to file a motion

8    to dismiss a complaint if the action has proceeded beyond service

9    of an answer or of a motion for summary judgment, and there is not

10    unanimous agreement among all parties supporting the dismissal.

11    Fed. R. Civ. P. 41(a)(2) ("An action shall not be dismissed at the

12    plaintiff's instance save upon order of the court and upon such

13    terms and conditions as the court deems proper."). The purpose of

14    the rule is "primarily to prevent voluntary dismissals which

15    unfairly affect the other side, and to permit the imposition of

16    curative conditions." County of Santa Fe v. Public Service Co. of

17    New Mexico, 311 F.3d 1031, 1047 (10th Cir. 2002) (citing Clark v.

18    Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted)).

19      The decision to grant a voluntary dismissal under Rule

20    41(a)(2) is addressed to the sound discretion of the district

21    court. Sams v. Beech Aircraft Corp., 625 F.3d 273 (9th Cir. 1980).

22    When ruling on a motion to dismiss without prejudice, a court

23    should determine whether a defendant or intervenor will suffer some

24    plain legal prejudice as a result of the dismissal. Westlands

25    Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).

26    ////

1  Legal prejudice is prejudice to some legal interest, claim, or
2  argument. Id. at 97.  Fed. R. Civ. P. 41(a)(2) allows the court to
3  attach conditions to the dismissal to prevent prejudice to a
4  defendant.  Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143,
5  146 (9th Cir. 1982).

**III.**

**ANALYSIS**

8        According to plaintiffs and the federal defendants, this
9  action has been rendered moot because the government's decisions
10 to list the Santa Barbara and Sonoma CTS as DPS and endangered
11 species have been set aside.  The moving parties assert that, in
12 August of 2004, the U.S. Fish and Wildlife Service eliminated the
13 DPS listing as well as the endangered species status in issuing a
14 rule providing that:

15     "the California tiger salamander [are] threatened
       throughout its range, and eliminat[ing] the separate
16     listings for the Santa Barbara and Sonoma County
       populations . . . Having determined that the Santa
17     Barbara and Sonoma County populations have the same
       listing as the taxon as a whole, [it] remov[ed] these
18     populations as separately listed DPS.

19 69 Fed. Reg. 47227, 47229, 47241.  Defendant-Intervenors do not
20 dispute that the downlisting of the Santa Barbara and Sonoma County
21 CTS from endangered to threatened, and the elimination of the DPS
22 designations supercede the rulemaking challenged by plaintiff and
23 thereby moots this action.  They argue, however, that the court
24 should not grant the motion to dismiss without prejudice because
25 the Centers will suffer clear legal prejudice.  As I explain below,
26 the Centers' contention is without merit.

1.  **Threat of a Second Lawsuit**

The Centers submit that the court should not dismiss the present action because it is likely that plaintiffs will re-file an identical lawsuit in the near future.  Their position is grounded on the parties' actions thus far in response to the August 2004 rulemaking action.  First, the Centers have filed a lawsuit which seeks to overturn the August 2004 rule and to reinstate the CTS at issue as "endangered" DPSs.  <u>Center for Biological Diversity, et al., v. U.S. Fish and Wildlife Service, et al.</u>, Case No. C-04-4324 FMS (N.D. Cal.), Exh. A.  Second, the lead plaintiff in this action, Homebuilders Association of Northern California, has itself filed a Notice of Intent to Sue to invalidate portions of the August 2004 Final Rule.

The fact that the August 2004 rule is currently being challenged, however, does not mean that the instant action is not moot.  While it is quite possible that plaintiffs may file a future suit concerning the same issues raised in this action, that likelihood can be based only on speculation as to the outcome of the August 2004 Rule challenges.  As the Ninth Circuit has stated, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 96 (9th Cir. 1996).

2.  **Tactical Advantages**

The Centers also protest that they will suffer clear legal prejudice because the court's favorable ruling allowing their intervention in this action will be lost by the dismissal, and they

1  may face an unsuccessful attempt to intervene in a different court.

2  Based on the plaintiffs' refusal to stipulate to the Centers' full

3  intervention in this action, they assert that, in all likelihood,

4  they will again oppose intervention in the future.  According to

5  the Centers, that possibility places them at risk of being

6  prevented from defending the ESA status of the Santa Barbara and

7  Sonoma County CTS.  The court is not unsympathetic with the

8  Centers' concerns, however, while the loss of an intervenor status

9  may be a legal detriment, it does not result in plain legal

10  prejudice "merely because the defendant will be inconvenienced by

11  having to defend in another forum." Smith v. Lenches, 263 F.3d at

12  976.  The defendant-intervenor's contentions simply do not amount

13  to the type of plain legal prejudice contemplated by Rule 41(a)(2),

14  since "[t]he possibility that plaintiffs may gain a tactical

15  advantage by refiling [in another court] is insufficient to deny

16  a voluntary motion to dismiss without prejudice . . . ." American

17  Nat. Bank and Trust Co. Of Sapulpa v. Bic Corp., 931 F.2d 1411,

18  1412 (10th Cir. 1991); see also Hamilton v. Firestone Tire & Rubber

19  Co., 679 F.2d 143, 145 (9th Cir. 1982)("[p]lain legal prejudice

20  . . . does not result simply when [a] plaintiff merely gains some

21  tactical advantage.").

22      While it is true that this Court recognized the Centers'

23  substantial legal interest in defending the listing status of the

24  Sonoma and Santa Barbara salamanders, the present mootness of

25  plaintiffs' claims effectively extinguishes that legal interest.

26  ////

1 Moreover, as defendant-intervenors themselves acknowledge, they
2 continue to protect the salamanders at issue by challenging the
3 August 2004 ruling.  In sum, defendant-intervenors fail to show
4 that they will suffer legal prejudice from the court's dismissal
5 of this action.

6     **3.  <u>Dismissal With Prejudice</u>**

7     In a last ditch effort, the Centers argue that the court
8 should refuse to dismiss without prejudice, instead dismissing with
9 prejudice but allowing plaintiffs to re-initiate the case pursuant
10 to a Fed. R. Civ. P. 60(b) motion.  Such an order is not warranted.
11 The dismissal of this action is based on the lack of jurisdiction,
12 and not on the merits.  As defendant-intervenors argue, the factual
13 basis which creates mootness, the August 2004 rulemaking, could
14 change, thus reviving the controversy.  If that result ensues, then
15 plaintiffs should be able to re-file their claim and seek
16 adjudication on the merits.

17                     **V.**

18               **CONCLUSION**

19     For the reasons stated above, plaintiffs' and federal-
20 defendants' motion dismiss without prejudice is GRANTED.  The Clerk
21 is directed to CLOSE the case.

22     IT IS SO ORDERED.

23     DATED:  March 2, 2005.

24

25                         <u>/s/Lawrence K. Karlton</u>
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
26                         UNITED STATES DISTRICT COURT