# Exhibit A, Attachment 7
# Civ. No. 06-00932 (RWR)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,
a non-profit corporation, and
ENVIRONMENTAL DEFENSE CENTER, a
non-profit corporation,

    Plaintiffs,

  v.

U.S. FISH & WILDLIFE SERVICE, and
GALE A. NORTON, Secretary of the Interior,

    Defendants.
  and

COUNTY OF SANTA BARBARA, et al.,

    Applicants for Intervention.

No. C 04-04324 WHA

**ORDER GRANTING
MOTION TO INTERVENE
AS DEFENDANTS
PURSUANT TO FRCP 24(b)**

## INTRODUCTION

In this environmental case, thirteen public and private entities seek to intervene as of right or, in the alternative, for permissive intervention as defendants pursuant to Federal Rule of Civil Procedure 24. For the reasons stated below, this order grants applicant intervenors' permissive intervention pursuant to FRCP 24(b).

## STATEMENT

The Center for Biological Diversity ("CBD") seeks protection for the California tiger salamander in bringing this action for declaratory and injunctive relief. In their complaint filed on October 12, 2004, CBD alleges that the United States Fish and Wildlife Service ("FWS") failed to comply with non-discretionary requirements imposed by the Endangered Species Act,

1  the Administrative Procedures Act and the National Environmental Policy Act.  Specifically,
2  CBD challenges various aspects of the final rule, "Determination of Threatened Status for the
3  California Tiger Salamander and Special Rule Exemption for Existing Routine Ranching
4  Activities," issued by FWS on August 4, 2004 (Compl. ¶¶ 1-6).  CBD also challenged FWS's
5  failure to designate a "critical habitat" for the California tiger salamander in Sonoma and
6  Central California; however, on February 3, 2005, the Court approved the parties' stipulated
7  settlement and consent decree dismissing the "critical habitat" claim (Dkt. No. 26).
8        This case follows a previous case, *Center for Biological Diversity v. U.S. Fish and*
9  *Wildlife Service*, C-02-0558 WHA (N. D. Cal), in which this Court approved a consent decree
10 setting deadlines for FWS to determine whether the distinct Sonoma County population of the
11 California tiger salamander warranted an emergency listing under the ESA and requiring FWS
12 to finalize a listing decision for the species in the remainder of its range in Central California.
13 In the present case, CBD challenges, in part, the final rule that was promulgated pursuant to the
14 consent decree.  In their prayer for relief, CBD requests that this Court (1) declare that FWS's
15 reclassification of the Sonoma County and the Santa Barbara County distinct population
16 segment of the California tiger salamander from "endangered" to "threatened" is unlawful;
17 (2) declare that FWS's elimination of the status of these two species as a distinct population
18 segment unlawful; (3) order FWS to withdraw the portions of the final rule that reclassify the
19 Sonoma County and Santa Barbara County distinct population segment as "threatened" and
20 that eliminate their status as distinct population segments;  (4) order FWS to reinstate the
21 listing of the California tiger salamander as "endangered;" (5) declare the authorization of the
22 "taking" of the California tiger salamander occurring during routine ranching activities as
23 unlawful; (6) order FWS to withdraw portions of the final rule that authorize the "taking" of
24 the California tiger salamander; (7) declare FWS's promulgation of the rule under NEPA
25 unlawful; and (8) order FWS to properly promulgate a new rule under NEPA (Compl. 30–1).
26       On March 24, 2005, applicant intervenors moved to intervene in the remaining claims.
27 The applicant intervenors are the Counties of Santa Barbara and Sonoma, Cities of Rohnert
28 Park and Santa Rosa, Blochman Union School District, Burbank Housing Development

1  Corporation, Coalition of Labor, Agriculture and Business of Santa Barbara County,
2  Cobblestone Homes, Inc., Grower-Shipper Vegetable Association of Santa Barbara and San
3  Luis Obispo Counties, North Coast Builders Exchange, Northern California Engineering
4  Contractors Association, Santa Maria Valley Chamber of Commerce and Santa Rosa Chamber
5  of Commerce.  Twelve of the applicant intervenors were plaintiffs in *Home Builders Ass'n of*
6  *Northern California, et al. v. Williams,* No. S-04-0345 LKK GGH (E.D. Cal), an action
7  challenging the earlier rules for the California tiger salamander.  That action was eventually
8  dismissed on the grounds that the suit had been mooted by the issuance of the 2004 rules that
9  are at issue in this litigation (Klise Decl. Ex. 2).  Applicant intervenors' position is to defend
10 the 2004 rules that identify the California tiger salamander as a "threatened species" as
11 opposed to an "endangered species" and that exempt certain activities as being culpable causes
12 of a "taking" of the salamander.  Applicant intervenors argue that they will suffer "economic
13 and other injuries" if CBD prevails in reinstating the rules that applicant intervenors had
14 previously sued to overturn. Generally, they allege that if the previous rules are reinstated,
15 development and construction projects will be halted, delayed or increase in cost, and
16 significant areas of land and the use of such land will be impacted.

**ANALYSIS**

To intervene as of right under Federal Rule of Civil Procedure 24(a) an applicant must claim "an interest relating to the property or transaction which is the subject of the action," the protection of which may, as a practical mater, be impaired or impeded by the action if the applicant is not allowed to participate in the litigation. *See* FRCP 24(a).  The Ninth Circuit applies a four-part test to determine whether an applicant is entitled to intervene as of right: (1) the motion must be timely; (2) the applicant must claim  a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may as a practical matter impair or impede its ability to protect the  interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the action.  FRCP 24(a); *Sierra Club v. United States Envtl. Protection Agency,* 995 F.2d 1478, 1481 (9th Cir. 1993).

3

Alternatively, as a matter of discretion, the court may allow an applicant to "permissively" intervene if (1) the application is timely and (2) the claim or defense and the main action have a question of law or fact in common. FRCP 24(b); *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. *See Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Since such intervention is discretionary, the court may condition or limit such intervention. *See 7A Wright & Miller, Federal Practice and Procedure 1922; Sagebrush Rebellion, Inc. V. Watt*, 713 F.3d 525, 526 n.2 (9th Cir. 1993).

**1. NEPA**.

CBD asserts violations of the NEPA, ESA and APA. Because case law distinguishes who may be a party to a NEPA cause of action as compared to the other statutes, this order briefly addresses whether applicants are entitled to intervene with regard to the NEPA cause of action before addressing the merits of applicant intervenors' argument.

As a general rule, the federal government is the only proper defendant in an action to compel compliance with NEPA. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002)*; Churchhill County v. Babbit*, 150 F.3d 1072, 1082, as amended by 158 F.3d 491 (9th Cir. 1998). The rationale is that because NEPA requires action only by the government, only the government can be liable under NEPA. *Wetlands Action Network v. United States Army Corp of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2002). While the applicant intervenors cannot claim any interest that relates to the issue of FWS's liability under NEPA, there is case law to support intervention by right in the remedial phase of the decision in NEPA actions. *See e.g. Forest Conservation Council v. United States Forest Service, 66 F.3d 1489,* 1499 (9th Cir. 1995). Alternatively, the Ninth Circuit has held that a party may be allowed to permissively intervene in a NEPA action. *See Kootenai Tribe of Idaho*, 313 F.3d at 1111. For the reasons addressed below, the Court will permit applicants to intervene as to the NEPA action pursuant to FRCP 24(b).

4

**2.     INTERVENTION AS OF RIGHT.**

   **A.     Timeliness.**

The Ninth Circuit analyzes the following three factors to determine whether a motion is timely: (1) the stage of the proceedings at which the applicant seeks to intervene, (2) the prejudice to other parties, and (3) the reason for and length of the delay. *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Substantial lapses in time weigh heavily against intervention. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

This action was filed on October 13, 2005. CBD's attorney sent a copy of the complaint to counsel for applicant intervenors the next day, yet applicant intervenors waited for over five months to file their motion to intervene. Applicant intervenors give no explanation as to why they waited so long. They argue that the Court should not count from the date that the complaint was filed but from the date when the government settled the "critical habitat" claim — January 3, 2005. It is at this time, applicant intervenors argue, that they realized that their interests would not be adequately represented by the government. Yet, even using January 3 as the temporal reference point, they waited two months before moving to intervene. They offer no valid reason for the delay. They state that the time was required for the governmental applicants to give advance public notice to their constituencies as required under local law but provide no declaration or evidence to support this point and do not specify the relevant local law.

CBD argues that it will be prejudiced by any delay and disruption in litigation because time is of the essence with regard to reinstating the protections for the California tiger salamander in Sonoma and Santa Barbara Counties. In reply, applicant intervenors represent that they have no interest in re-litigating the parties' settlement and dismissal of plaintiff's fifth claim for relief and seek only to intervene on the remaining four claims regarding the designation of the California tiger salamander and the scope of a "taking." Further, applicant intervenors represent that they will enter the case with the understanding that they are bound by the current case management order.

5

1 Therefore, while the Court is not able to resolve why applicant intervenors waited so long to bring this motion, it will not deny this motion to intervene based on delay in light of the failure by CBD to show prejudice.

### B. Adequate Representation.

Applicant intervenors present only a conclusory explanation as to why their interest will not be adequately represented by the federal government. They argue that the federal defendants are duty bound to enforce the ESA. In contrast, applicant intervenors wish to protect the interests of local businesses and municipalities burdened by the ESA. The Court agrees that in complying with the ESA, FWS has a limited concern for the interest of local municipalities beyond that which is already contemplated by federal law. Where there is an attack by plaintiff as to the facts relating to local conditions which looks beyond the rulemaking itself, the special knowledge of these local government and business associations may well establish inadequate representation by the government. *See e.g. State of California v. Bergland*, No. Civil S-79-523 LKK, 1979 U.S. Dist. LEXIS 9503, *12-13 (E.D. Cal. 1979). The root, however, of CBD's complaint is the allegation that government violated non-discretionary procedures in promulgating the rules relating to the designation of the California tiger salamander under three separate statutes. While CBD asks for declaratory as well as injunctive relief, it seems likely that if CBD were successful in this action, the scope of relief would be limited to the Court remanding the case to FWS to correctly promulgate the California tiger salamander rule again. At that point the applicant intervenors would have the opportunity to participate in the promulgation of the new rule. It is difficult to support a claim of inadequate representation where the issue before the Court is the legal adequacy of a rule and the very official charged with defending the rule is a party to the action. *Bergland*, 1979 U.S. Dist. Lexis 9503, *11 (1979).

### C. "Significantly Protectable" Interest.

Applicants for intervention have a "significantly protectable" interest in an action if (1) they assert an interest that is protected under some law and (2) there is a relationship between the legally protected interest and the plaintiff's claims. *Northwest Forest Resource Council v.*

6

1 *Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Applicants who have an existing legal right,
2 contract or permit have a legally protectable interest. *Sierra Club v. United States EPA*, 995
3 F.2d 1478, 1482 (9th Cir. 1993). On the other hand, an economic interest based upon a bare
4 expectation is not a legally protectable interest. *Sierra Club v. United States EPA*, 995 F.2d at
5 1982 (9th Cir. 1993).

6 Applicant intervenors' interests amount to what they refer to as "economic and other
7 injuries" (Int. Mot. 5). They allege that if CBD is successful in getting the previous rules
8 reinstated, development and construction projects will be halted, delayed or increased in cost,
9 and the use of significant areas of land would be impacted. While the Court must accept as
10 true well-pleaded, non-conclusory allegations made in support of an intervention motion, it is
11 under no obligation to accept as true conclusory allegations, as applicant intervenors make
12 here. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir.
13 2001).

14 Applicant intervenors have asserted only potential economic interests in the outcome of
15 this litigation; they do not refer to specific contracts or permits relating to the land affected by
16 the California tiger salamander rules. Rather, generally, the individual declarations by the
17 applicants merely allege that the predecessor rules imposed substantial economic burdens on
18 them in the past and reason that reinstating the predecessor rules would cause additional
19 economic injury (*See, e.g.* Decl. Keith ¶ 4, Decl. Quandt, ¶ 4, Decl. Lowry ¶ 4). For example,
20 the Blochman Union School District, moving to intervene, alleges that reinstating the
21 predecessor rules could halt construction of homes, thereby lowering enrollment of schools
22 which in turn would lower the tax base of schools (Decl. Gibbons ¶ 4). The Coalition of
23 Labor, Agriculture and Business of Santa Barbara County, moving to intervene, alleges that
24 reinstating the predecessor rules would diminish the use of agricultural lands, thereby reducing
25 locally produced food and raising prices of food (Decl. Caldwell ¶ 7). The Northern California
26 Engineering Contractors Association, moving to intervene, alleges that reinstating the
27 predecessor rules would halt, delay or increase their cost of constructing homes (Decl. Hart. ¶
28 4). These applicant intervenors' interests appear to be economic interests based upon mere

7

expectation — not anything in the nature of real or personal property, contracts or permits — and therefore do not amount to a "significantly protectable" interest.

Even assuming, however, applicant intervenors have an interest that is protected by law, applicant intervenors cannot satisfy the second prong of the test — that their interest is related to plaintiff's claims. The essence of this suit is that the government violated its procedural duties under the Endangered Species Act, the Administrative Procedures Act and the National Environmental Policy Act. Applicant intervenors' economic interests are not related to federal compliance or noncompliance with either the NEPA, ESA or APA. The applicant intervenors' proposed answer underscores their lack of standing to defend against the instant complaint. Applicant intervenors repeatedly respond to the allegations in the complaint by answering that the "statutes speak for themselves and are the best evidence of their content" ([Prop.] Answer Int-Def. ¶ 13). The applicant intervenors, obviously, have no role in deciding whether FWS has complied with non-discretionary requirements imposed by the ESA, NEPA or APA.

### D. Impaired or Impeded Interests.

Because we have found that the applicant intervenors have no direct legally protectable interest in this action, it follows that applicant intervenors also have no direct legally protectable interest that could be impaired or impeded.

### 3. PERMISSIVE INTERVENTION.

While this order does not grant intervention based on FRCP 24(a), this order does grant intervention based on FRCP 24(b) — permissive intervention. Under Rule 24(b) the issue is whether the applicant intervenors assert a claim or defense that has a question of law or fact in common with the main action. Here, the applicant intervenors assert their interest in defending the current rule. While the applicant intervenors do not have a direct interest in government rulemaking, they have an interest in the use of the land that is affected by the rules protecting the California tiger salamander. By this litigation, CBD's aims to compel FWS to re-designate the California tiger salamander as an endangered species. The applicant intervenors defend the current rule and the designation of the salamander as only "threatened." According to

8

applicant intervenors, re-designating the salamander as "endangered" would halt various activities, including development and construction on the land owned and managed by them. In addition, by this litigation CBD aims to enlarge the scope of a "taking" of the California tiger salamander. According to applicant intervenors, such relief would halt certain ranching activities on their land. In *Kootenai Tribe of Idaho v. U.S. Forest Service*, the Ninth Circuit found that while environmental groups did not have a right to intervene in a suit alleging that the United States Forest Service's Roadless Rule violated the NEPA and the APA, they could "permissively" intervene because there were common questions of either law or fact between the main action and the claims of the applicant intervenors in that the environmental groups asserted an interest in the use and enjoyment of roadless lands. *Kootenai Tribe of Idaho v. U.S. Forest Service*, 313 F.3d 1094, 1111 (9th Cir. 2002). Similarly, this order finds that there are common questions of law and fact between the main action and the claims of the applicant intervenors because the applicant intervenors assert an interest in the use of the land regulated by the California tiger salamander rules.

If there is a common question of law or fact and the motion is timely, the requirement of FRCP 24(b) has been satisfied and it is then discretionary with the court whether to allow intervention. *Ibid*. As discussed above, the instant motion is timely and there is a common question of law and fact. Furthermore, the Court notes it has a good reason for exercising its discretion to permit intervention because the applicants' intervention will contribute to the equitable resolution of the case. The fact that twelve of the thirteen applicant intervenors were plaintiffs in the action in the Eastern District that challenged the earlier rules for the California tiger salamander further supports applicants intervenors' participation in the instant case. The Court also deems it important to permit intervention in the instant case in light of the concern that the litigation regarding the California tiger salamander could potentially be an endless chain of cases — that is, with each new rule, a new party will bring a new challenge, in a new forum, starting the litigation clock over yet again. While the Court realizes that it is unlikely that it could order any future parties to bring further challenges to future rulemakings regarding

9

the California tiger salamander before this Court, by permitting applicants to intervene in this action, all parties, including the intervenors, will be bound by the outcome of the action.

Arguably, applicant intervenors could protect their interests by participating in the administrative and rule-promulgating process or by submitting an amicus brief. Such venues, however, will not allow the applicant intervenors to argue the scope of the injunctive relief sought by the CBD. In addition, only parties are entitled to file a petition to review a judgment on the merits. Therefore, applicant intervenors' interests are best protected by their intervening as party defendants.

As a court may put conditions on permissive intervention, in the instant case, the Court orders that intervenors will join in common briefing and will be jointly represented at hearings and other court proceedings by a single counsel. Intervenors' participation is limited to the four claims now pending; they may not re-litigate the fifth cause of action that has been dismissed. Additionally, intervenors are bound by all existing orders in this action.

## CONCLUSION

For the foregoing reasons and based on the conditions above, the Court **PERMITS APPLICANTS TO INTERVENE AS DEFENDANTS**.

**IT IS SO ORDERED.**

Dated: May 30, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10