# Exhibit D
# Civ. No. 06-00932 (RWR)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOME BUILDERS ASSOCIATION OF NORTHERN CALIFORNIA, et al.**,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**U.S. FISH AND WILDLIFE SERVICE et al.**,<br><br>**Defendants,**<br><br>and<br><br>**CENTER FOR BIOLOGICAL DIVERSITY,**<br>1333 N. Oracle Rd.<br>Tucson, AZ  85705<br><br>**Intervenor-Defendant –Applicant.** | **Civ. No. 06-00932 (RWR)** |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

In response to Plaintiffs' Complaint for Declaratory and Injunctive Relief, Intervenor-Defendant-Applicant Center for Biological Diversity ("the Center") hereby admits, denies, and avers as follows:

    1.    This paragraph consists of Plaintiffs' characterization of their lawsuit, for which no response is required.  To the extent a response is required, the Center denies the averments.

**JURISDICTION AND VENUE**

    2.    This paragraph consists of a conclusion of law to which no response is required.

3. To the degree the averments consist of legal conclusions, they require no response, and to the degree they require a response they are denied. The Center lacks sufficient knowledge to either admit or deny the factual averments of this paragraph, and on this basis denies the averments, except that the Center admits that a document purporting to be a notice letter was attached to the Complaint as Exhibit 1.

4. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Center denies the averments.

## PARTIES

### Plaintiffs

5. The Center lacks sufficient information to either admit or deny the averments in the first four sentences of this paragraph, and on this basis denies the averments. The final sentence consists of a conclusion of law to which no response is required. To the extent a response is required, the Center denies the averments.

6. The Center lacks sufficient information to either admit or deny the averments in the first four sentences of this paragraph, and on this basis denies the averments. The Center denies the fifth and sixth sentences of this paragraph. The Center lacks sufficient information to either admit or deny the averments in the seventh and eighth sentences of this paragraph, and on this basis denies the averments. The ninth sentence consists of a conclusion of law to which no response is required. To the extent a response is required, the Center denies the averments.

7. The Center lacks sufficient information to either admit or deny the averments in the first four sentences of this paragraph, and on this basis denies the averments. The final sentence consists of a conclusion of law to which no response is required. To the extent a response is required, the Center denies the averments.

### Defendants

8. The Center admits the averments of this paragraph.

9. The Center denies the first sentence of this paragraph and avers that Dirk Kempthorne is Secretary of the Interior. The Center lacks sufficient information to either admit or deny the averments in the second sentence of this paragraph, and on this basis denies the averments.

10. The Center admits the averments in the first sentence. The Center lacks sufficient information to either admit or deny the averments in the second sentence of this paragraph, and on this basis denies the averments.

11. The Center admits the first sentence of this paragraph. The Center lacks sufficient information to either admit or deny the averments in the second sentence of this paragraph, and on this basis denies the averments.

12. To the degree this paragraph consists of a legal conclusion, it requires no response. To the degree a response is required, the averments are denied. To the degree this paragraph consists of factual averments, the Center lacks sufficient information to either admit or deny the averments, and on this basis denies the averments.

## LEGAL FRAMEWORK

### Listing of Threatened or Endangered Species

13. This paragraph purports to quote from the Endangered Species Act. This statute speaks for itself and provides the best evidence of its contents.

14. This paragraph purports to quote from the Endangered Species Act. This statute speaks for itself and provides the best evidence of its contents.

15. This paragraph purports to quote from the Endangered Species Act. This statute speaks for itself and provides the best evidence of its contents.

16. The Center admits the averments in this paragraph.

17. This paragraph purports to quote from the Endangered Species Act and the Code of Federal Regulations. This statute and these regulations speak for themselves and provide the best evidence of their contents.

18. This paragraph purports to quote from the Endangered Species Act. This statute speaks for itself and provides the best evidence of its contents.

19. This paragraph purports to quote from the Endangered Species Act and the Code of Federal Regulations. This statute and these regulations speak for themselves and provide the best evidence of their contents.

## FACTUAL ALLEGATIONS

20. The Center admits the averments in this paragraph.

21. The Center admits that a 90-day finding was issued on November 19, 1992. This finding speaks for itself and is the best evidence of its contents.

22. The Center admits the first sentence of this paragraph. The remaining sentences in this paragraph consist of characterizations of federal register notices, which speak for themselves and that provide the best evidence of their contents.

23. The Center admits the first three sentences of this paragraph. The Center admits the averments of the fourth sentence, except that the Center avers that the complaint was filed on January 31, 2002. The fifth sentence purports to characterize the contents of the June 6, 2002 settlement agreement, which speaks for itself and provides the best evidence of its contents. The Center admits the remainder of this paragraph.

24. This paragraph purports to characterize the contents of the federal register notice, which speaks for itself and provides the best evidence of its contents.

25. The Center lacks sufficient information to either admit or deny whether Plaintiffs provided information on October 30, 2003, and on this basis denies that averment. To the degree this paragraph purports to contain factual averments relating to the California tiger salamander, the Center denies those averments. To the degree this paragraph seeks to characterize the contents of an October 30, 2003 letter, that letter speaks for itself and provides the best evidence of its contents.

26. The Center admits the first sentence of this paragraph. The remainder of the paragraph consists of Plaintiffs' characterization of the federal register notice, which speaks for itself and provides the best evidence of its contents.

## INJUNCTIVE RELIEF ALLEGATIONS

27. The above paragraphs are incorporated here by reference.

28. The Center denies the averments in this paragraph.

29. This paragraph consists of a conclusion of law to which no response is required. To the degree a response is required, the Center denies the averments.

30. The Center denies the averments in this paragraph.

## DECLARATORY RELIEF ALLEGATIONS

31. The above paragraphs are incorporated here by reference.

32. This paragraph consists of a conclusion of law to which no response is required. To the degree a response is required, the Center denies the averments.

33. This paragraph consists of conclusions of law to which no response is required. To the degree a response is required, the Center denies the averments.

34. This paragraph consists of a conclusion of law to which no response is required. To the degree a response is required, the Center denies the averments.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Failure to Show the Listed Species is Threatened

### (Violation of the ESA and APA)

35. The above paragraphs are incorporated here by reference.

36. This paragraph consists of Plaintiffs' characterization of their claim to which no response is required. To an extent a response is required, the Center denies the averments.

37. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Center denies the averments.

**Second Claim for Relief**

**Failure to Apply the Correct Standard in Evaluating the Efficacy of Exiting Regulations**

**(Violation of the ESA and APA)**

38. The above paragraphs are incorporated here by reference.

39. The first sentence purports to characterize the Endangered Species Act, which speaks for itself and provides the best evidence of its contents. The second sentence consists of a conclusion of law to which no response is required. To the degree a response is required, the Center denies the averments.

40. This paragraph consists of Plaintiffs' characterization of their claim to which no response is required. To an extent a response is required, the Center denies the averments.

41. This paragraph consists of Plaintiffs' characterization of their claim to which no response is required. To an extent a response is required, the Center denies the averments.

42. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Center denies the averments.

**Third Claim for Relief**

**Failure to Apply the Correct Standard in Evaluating the Efficacy of Exiting Regulations**

**(Violation of the ESA and APA)**

43. The above paragraphs are incorporated here by reference.

44. The first sentence purports to characterize the Endangered Species Act, which speaks for itself and provides the best evidence of its contents. The remainder of the paragraph consists of conclusions of law to which no response is required. To the degree a response is required, the Center denies the averments.

45. The first sentence consists of a characterization of "the Coalition's" comments on the proposed rule, which speak for themselves and provide the best evidence of their contents. The Center denies the factual averments of the first sentence. The second sentence consists of a characterization of the federal register notice which speaks for itself and provides the best

evidence of its contents. The third and fourth sentences consist of conclusions of law to which no response is required. To the degree a response is required, the Center denies the averments. The Center denies the averments in the last sentence.

46.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Center denies the averments.

### Fourth Claim for Relief

### Reliance on Historical Data Rather than Current Data

### (Violation of the ESA and APA)

47.    The above paragraphs are incorporated here by reference.

48.    This paragraph purports to characterize the Endangered Species Act and the federal register notice, which speak for themselves and provide the best evidence of their contents.

49.    This paragraph purports to characterize the federal register notice, which speaks for itself and provides the best evidence of its contents.

50.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Center denies the averments.

### PRAYER FOR RELIEF

The Center denies that Plaintiffs are entitled to any relief.

### GENERAL DENIAL

Any averment in the complaint that is not expressly admitted and which requires a response is denied.

### **AFFIRMATIVE DEFENSES**

1.    The Center avers that the claims for relief, and each of them, are barred by the doctrine of laches.

2. The Center avers that the claims for relief, and each of them, are barred because they are not ripe.

3. The Center avers that the claims for relief, and each of them, are barred because Plaintiffs have failed to exhaust their administrative remedies.

4. The Center avers that the claims for relief under the ESA, and each of them, are barred because Plaintiffs failed to provide a 60-day notice of intent to sue.

5. The Center avers that the claims for relief, and each of them, are barred by the doctrines of waiver and res judicata.

Respectfully submitted this 30th day of June, 2006.

/s/ Erin M. Tobin

Erin M. Tobin
(D.C. Bar No. 494948)
Katherine A. Meyer
(D.C. Bar No. 244301)

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C. 20009
(202) 588-5206
(202) 588-5049 fax

Kassia Siegel (Pro Hac Vice Applicant)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 549
Joshua Tree, CA 92252
Telephone:  760-366-2232
Facsimile:  760-366-2669

Attorneys for Intervenor-Defendant-Applicant Center for Biological Diversity