UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOME BUILDERS ASSOC. OF <br> NORTHERN CALIFORNIA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 06-932-RWR |

**DEFENDANT'S ANSWER**

Defendants, U.S. Fish and Wildlife Service, H. Dale Hall, U.S. Department of the Interior, and Dirk Kempthorne,[1] through counsel, using the same paragraph numbering as in Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief, answer the allegations therein as follows:

1.  The allegations in sentence one of paragraph 1 consists of Plaintiffs' characterization of their case and requires no response. Defendants deny the remaining allegations in paragraph 1.

JURISDICTION AND VENUE

2.  The allegations in paragraph 2 consist of conclusions of law and require no response.

3.  To the extent that the allegations in paragraph 3 consist of conclusions of law, no response is required. Defendants admit the factual allegations in paragraph 3.

4.  The allegations in paragraph 4 consist of conclusions of law and require no response.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), in his official capacity, Dirk Kempthorne is automatically substituted as a Defendant in place of Lynn Scarlet [*sic*]. The address for all Defendants is 1849 C Street, N.W., Washington, D.C. 20240.

## PARTIES

5. To the extent that the allegations in paragraph 5 consist of conclusions of law, no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the factual allegations in paragraph 5 and, on that basis, deny the same.

6. To the extent that the allegations in paragraph 6 consist of conclusions of law, no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the factual allegations in paragraph 6 and, on that basis, deny the same.

7. To the extent that the allegations in paragraph 7 consist of conclusions of law, no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the factual allegations in paragraph 7 and, on that basis, deny the same.

8. Defendants admit the allegations in sentence 1 of paragraph 8. In response to the allegations in sentence 2 of paragraph 8, Defendants aver that Congress has charged the Department of the Interior with certain responsibilities regarding the administration of the ESA.

9. In response to the allegations in paragraph 9, Defendants aver that Dirk Kempthorne is now the Secretary of the Interior and aver that the Secretary of the Interior is a federal official who has been vested with certain authority regarding the implementation of the ESA.

10. In response to the allegations in paragraph 10, Defendants admit that the U.S. Fish and Wildlife Service ("FWS" or the "Service") is an agency within the Department of the Interior that has been delegated certain responsibilities regarding the implementation of the ESA and its regulations.

11.     In response to the allegations in paragraph 11, Defendants admit that H. Dale Hall is the Director of the FWS and aver that the Director of the FWS is a federal official who has been vested with certain authority regarding the implementation of the ESA.

12.     The allegations in paragraph 12 consist of Plaintiffs' characterization of its case and requires no response; to the extent a response is required, Defendants deny those allegations.

## LEGAL FRAMEWORK

13.     The allegations in paragraph 13 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents.

14.     The allegations in paragraph 14 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents.

15.     The allegations in paragraph 15 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents.

16.     The allegations in paragraph 16 appear to purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, and/or its implementing regulations -- such statute and/or regulations speak for themselve and provides the best evidence of their contents.

17.     The allegations in paragraph 17 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents.

18.     The allegations in paragraph 18 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents.

19.     The allegations in paragraph 19 purport to describe the regulations implementing the ESA, which regulations speak for themselves and provide the best evidence of their contents.

## FACTUAL ALLEGATIONS

20. In response to the allegations in paragraph 20, Defendants aver that the FWS received a petition to list the California tiger salamander (hereinafter "CTS") across its range.

21. The allegations in paragraph 21 purport to characterize that Federal Register notice regarding the CTS, published as 57 Fed. Reg. 54545 (November 19, 1992), which document speaks for itself and provides the best evidence of its contents.

22. The allegations in sentences 1 through 4 of paragraph 22 purport to characterize that Federal Register notice regarding the CTS, published as 59 Fed. Reg. 18353 (April 19, 1994), which document speaks for itself and provides the best evidence of its contents. The allegations in sentence 5 of paragraph 22 purport to characterize those Federal Register notices regarding the CTS, published as 62 Fed. Reg. 49398 (September 19, 1997), 64 Fed. Reg. 57534 (October 25, 1999), and 66 Fed. Reg. 54808 (October 30, 2001), which documents speak for themselves and provide the best evidence of their contents.

23. The allegations in sentence 1 of paragraph 23 purport to characterize that Federal Register notice regarding the Santa Barbara County Distinct Population Segment ("Santa Barbara DPS") of the CTS, published at 65 Fed. Reg. 3096 (January 19, 2000), which document speaks for itself and is the best evidence of its contents. The allegations in sentence 2 of paragraph 23 purport to characterize that Federal Register notice regarding the Santa Barbara DPS of the CTS, published at 65 Fed. Reg. 57242 (September 21, 2000), which document speaks for itself and is the best evidence of its contents. Defendants admit the allegations in sentences 3 and 4 of paragraph 23. The allegations in sentence 5 of paragraph 23 purport to characterize the settlement agreement in Center for Biological Diversity v. U.S. Fish and Wildlife Service, Case No. C-02-0558 WHA (N.D.

Cal.), which document speaks for itself and is the best evidence of its contents. The allegations in sentence 6 of paragraph 23 purport to characterize that Federal Register notice regarding the Sonoma County Distinct Population Segment ("Sonoma DPS") of the CTS, published at 67 Fed. Reg. 47726 (July 22, 2002), which document speaks for itself and provides the best evidence of its contents. The allegations in sentence 7 of paragraph 23 purport to characterize that Federal Register notice regarding the Sonoma DPS of the CTS, published at 68 Fed. Reg. 13498 (March 19, 2003), which document speaks for itself and is the best evidence of its contents.

24. The allegations in paragraph 24 purport to characterize that Federal Register notice regarding the Central California Distinct Population Segment ("Central DPS") of the CTS, published at 68 Fed. Reg. 28648 (May 23, 2003), which document speaks for itself and is the best evidence of its contents.

25. The allegations in paragraph 25 purport to characterize those documents submitted to the FWS by the California Tiger Salamander Coalition, which documents speak for themselves and provide the best evidence of their contents.

26. The allegations in paragraph 26 purport to characterize that rule regarding the Central DPS of the CTS, published at 69 Fed. Reg. 47212 (August 4, 2004), which document speaks for itself and is the best evidence of its contents.

INJUNCTIVE RELIEF ALLEGATIONS

27. Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

28. The allegations in paragraph 28 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

29. The allegations in paragraph 29 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

30. The allegations in paragraph 30 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

## DECLARATORY RELIEF ALLEGATIONS

31. Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

32. The allegations in paragraph 32 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

33. The allegations in paragraph 33 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

34. The allegations in paragraph 34 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

## CLAIMS FOR RELIEF

### First Claim for Relief

35. Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

36. The allegations in sentences 1 through 3, 5 and 7 of paragraph 36 purports to characterize the rule listing the Central DPS of the CTS as threatened, which rule speaks for itself and is the best evidence of its contents. The allegations in sentence 4 of paragraph 36 purport to characterize the Administrative Procedure Act, 5 U.S.C. §§551-559, 701-706, which statute speaks for itself and is the best evidence of its contents. The allegations in sentence 6 of paragraph 36

consists of Plaintiffs' characterization of its case and requires no response; to the extent a response is required, Defendants deny those allegations.

37.   Defendants deny the allegations in paragraph 37.

## Second Claim for Relief

38.   Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

39.   The allegations in sentence 1 of paragraph 39 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents. Defendants deny the allegations in sentence 2 of paragraph 39.

40.   The allegations in sentences 1 and 2 of paragraph 40 purport to characterize the rule listing the Central DPS of the CTS as threatened, which rule speaks for itself and is the best evidence of its contents. The allegations in sentences 3 and 4 of paragraph 40 consist of Plaintiffs' characterization of its case and require no response; to the extent a response is required, Defendants deny those allegations. The allegations in sentence 5 of paragraph 40 purport to characterize the Recovery Plan for the California Red-legged Frog (2002), which document speaks for itself and provides the best evidence of its contents.

41.   The allegations in sentence 1 of paragraph 41 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents. The allegations in sentence 2 of paragraph 41 consist of Plaintiffs' characterization of their case and requires no response, to the extent a response is required, Defendants deny those allegations.

42.   Defendants deny the allegations in paragraph 42.

Third Claim for Relief

43. Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

44. The allegations in sentence 1 of paragraph 44 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents. Defendants deny the allegations in sentence 2 of paragraph 44. The allegations in sentence 3 of paragraph 44 either purport to characterize the rule listing the Central DPS of the CTS as threatened, which rule speaks for itself and is the best evidence of its contents, or consist of Plaintiffs' characterization of their case, which requires no response or, to the extent a response is required, Defendants deny those allegations.

45. The allegations in sentence 1 of paragraph 45 purport to characterize those documents submitted to the FWS by the California Tiger Salamander Coalition, which documents speak for themselves and provide the best evidence of their contents. The allegations in sentence 2 of paragraph 45 purport to characterize the rule listing the Central DPS of the CTS as threatened, which rule speaks for itself and is the best evidence of its contents. The allegations in sentences 3 and 4 of paragraph 45 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations. The allegations in sentence 5 of paragraph 45 either purport to characterize that Federal Register notice regarding the CTS, published as 59 Fed. Reg. 18353 (April 19, 1994), which document speaks for itself and provides the best evidence of its contents, or consist of Plaintiffs' characterization of their case, which requires no response or, to the extent a response is required, Defendants deny those allegations.

46. Defendants deny those allegations in paragraph 46.

Fourth Claim for Relief

47.     Defendants hereby incorporate by reference each and every one of their responses to each of the allegations set forth in Plaintiffs' Complaint.

48.     The allegations in sentence 1 of paragraph 48 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, a statute which speaks for itself and provides the best evidence of its contents. The allegations in the second sentence of paragraph 48 purport to characterize that rule published at 59 Fed. Reg. 48136 (September 19, 1994), which rule speaks for itself and provides the best evidence of its contents.

49.     The allegations in sentence 1 of paragraph 49 purport to characterize the rule listing the Central DPS of the CTS as threatened, which rule speaks for itself and is the best evidence of its contents.  The remaining allegations paragraph 49 consist of Plaintiffs' characterization of their case and requires no response; to the extent a response is required, Defendants deny those allegations.

50.     Defendants deny the allegations in paragraph 50.

PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no response.  To the extent a response is required, Defendants deny that Plaintiffs is entitled to the relief requested or to any relief whatsoever.

GENERAL DENIAL

Defendants hereby deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise expressly admitted, denied, or qualified herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment for Defendants, dismiss the action with prejudice, and order the Parties to bear their own costs and attorneys' fees.

Dated: July 25, 2006    Respectfully submitted,

SUE ELLEN WOOLDRIDGE, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

         s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney (IL Bar No. 6243249)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044-7397
Telephone: (202) 305-0216
Facsimile: (202) 305-0275

Attorneys for Defendants