UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOME BUILDERS ASSOCIATION<br>OF NORTHERN CALIFORNIA, et al., | )<br>)<br>) | No. 06-CV-00932-RWR |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| UNITED STATES FISH AND WILDLIFE<br>SERVICE, et al., | )<br>)<br>) | |
| Defendants, | )<br>) | |
| CENTER FOR BIOLOGICAL DIVERSITY, | )<br>) | |
| Defendant-Intervenor. | ) | |

**PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER
VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**INTRODUCTION**

Plaintiffs, Home Builders Association of Northern California, et al. (Home Builders), submit this opposition to the Motion to Transfer Venue to the Northern District of California filed by Defendant-Intervenor, Center for Biological Diversity (CBD).  Despite CBD's reliance on various factors which may be considered by the Court in determining venue, CBD's motion is based primarily on the relationship of this case to *Center for Biological Diversity v. United States Fish & Wildlife Service*, No. C 04-04324 WHA, decided by Judge William Alsup on August 18, 2005, in the Northern District of California.  Although that case

- 1 -

involved a challenge to certain aspects of the final listing rule at issue here, it decidedly did not involve a challenge to the listing of the Central California Tiger Salamander itself. Nor did the Court decide the matter so as to preclude the challenge in this case or retain jurisdiction over such a challenge so as to warrant a change of venue as CBD argues.

## ARGUMENT

### I

### UNDER THE ESA THE CASE SHOULD BE HEARD WHERE THE VIOLATION OCCURRED

It should first be observed that the Endangered Species Act (ESA) has its own venue provision that provides: "Any suit under this subsection may be brought in the judicial district in which the violation occurs." 16 U.S.C. § 1540(g)(3)(A). This statement is controlling and should be determinative. In this case, Home Builders challenge the final rule listing the Central California Tiger Salamander as a threatened species under the ESA. That rule was signed into law in Washington, D.C. Therefore, the respective violation occurred here, in this district. CBD does not dispute this and the government, the actual defendant in this case, has not moved for a change of venue.

Moreover, the plaintiff's choice of forum is a "paramount consideration in any determination of a transfer request." *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 25 (D.D.C. 1997) (quoting *Kirschner Brothers Oil, Inc. v. Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970))); *accord Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991) (citing

*Harris v. Republic Airlines, Inc.*, 699 F. Supp. 961, 963 (D.D.C. 1988)). These considerations alone should resolve the matter in favor of Home Builders.

## II

## ASSOCIATION WITH A RELATED
## CASE DOES NOT COMPEL A TRANSFER

CBD claims that Judge Alsup has already rendered judgment on the listing challenged in this case and that the Judge has retained jurisdiction for all matters related to the Central California Tiger Salamander. *See* Motion at 11 and 18. But this is overstated.

Although Judge Alsup did sustain the listing of the Central California Tiger Salamander, in a cursory paragraph, he was compelled to do so because CBD did "not challenge the listing of 'threatened' for the California Tiger Salamander" in that case. Defendant-Intervenor's Exhibit A, Attachment 1 at 16. Rather, the only aspects of the rule challenged by CBD were the agency's down listings of the Santa Barbara and Sonoma salamanders. As a consequence, Judge Alsup was not presented with administrative record material specific to the listing, nor did any party brief the listing issue. In fact, Judge Alsup's analysis was clearly limited to a superficial reading of the rule itself. *See id*. Thus Judge Alsup does not possess any unique knowledge of the listing decision warranting a change of venue.

Moreover, a close reading of Judge Alsup's order reveals that he did not retain jurisdiction over the challenge presented in this case. After vacating the final rule only as to the Santa Barbara and Sonoma Distinct Population Segments, Judge Alsup ordered: "The

- 3 -

matter is remanded to the agency for any further rulemaking and the Court will retain jurisdiction over any review thereof." *Id.* at 25.

The operative word is "thereof" relating back to "any further rulemaking." By its terms, the order does not purport to retain jurisdiction over any challenge to that part of the final rule the Judge did not vacate; namely, the listing of the Central California Tiger Salamander which is the subject of this case.

### III

### THE GENERAL VENUE STATUTE DOES NOT SUPPORT A TRANSFER

Even the general venue statute, 28 U.S.C. § 1391, does not support a change of venue in this case to the Northern District of California. Subsection 1391(e) states that an action may be brought in any judicial district in which: "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."

By this standard, the case could have been brought in many venues, including the Plaintiff's choice of forum in this Court. It is undisputed that all of the federal defendants named in this suit are located in Washington, D.C. Therefore, under subpart (1), this action was properly brought in the D.C. District Court. Under subpart (2), *no event* giving rise to Plaintiffs' claim occurred in the Northern District of California. The challenged rule was produced by the agency's Sacramento Office, in the Eastern District of California. Apparently, the scientists who worked on that rule are based in Sacramento. And, most

telling, the rule was signed into law in Washington, D.C. Finally, under subpart (3), based on the location of the Plaintiffs, the case could have been brought in the Northern, Eastern, or Southern Districts of California. But nothing in the general venue statute requires a change of venue to the Northern District of California.

IV

**CONVENIENCE AND JUSTICE ARE
NOT FURTHERED BY A TRANSFER**

Section 1404(a) of Title 28 of the U.S. Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." According to the United States Supreme Court, this provision vests "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Under this provision the movant bears the burden of establishing that a transfer is proper. *See* Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 2d § 3848. *See also Trout Unlimited v. Department of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996). But CBD has failed to carry its burden of persuasion that these factors tip the scales in favor of a transfer from Washington to California.

Under 28 U.S.C. § 1404(a), a court weighs the following factors: (1) a plaintiff's privilege of choosing the forum; (2) the convenience of the parties; (3) the location of counsel; (4) convenience of witnesses; (5) the location of books and records; and, (6) the

interest of justice. *See* Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 2d §§ 3848-3854.

With respect to the first factor, the courts generally must give substantial deference to the plaintiff's choice of forum. *See Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d, 124, 128 (D.D.C. 2001). "It is not enough without more that the defendant would prefer another forum, nor is it enough merely to show that the claim arose elsewhere." Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 2d § 3848. Unlike *Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 3 (D.D.C. 1996), this case does not involve an action where the alleged violation of environmental law occurred in another forum.

Most of the other factors will have little, if any, impact on this litigation. The Northern District of California provides no benefit to either party for resolving the case or matters of convenience. This action will probably be resolved on summary judgment on the administrative record. There will be little, if any, discovery. Also, there will be no witnesses, evidentiary hearings, or trial. And, of course, counsel representing federal defendants are located in the D.C. area, not California. Even CBD has a Washington, D.C., office. Therefore, the convenience of the witnesses and parties, location of counsel, and access to books and records are either irrelevant or favor this forum. *See RTC v. Feffer*, 795 F. Supp. 1223, 1224 (D.D.C. 1992).

Resolution of this matter essentially comes down to weighing the Plaintiffs' choice of forum and the interest of justice. In this case, no party will be harmed by litigating the case in this Court. Moreover, a change of venue will cause unnecessary delay and the imposition of additional administrative burdens on the courts and the parties. In the end, no advantage

to the parties, the courts, or the public will follow a transfer of this case to California. Therefore, the interests of justice dictate that this case remain here.

## CONCLUSION

For the foregoing reasons, the Motion to Transfer should be denied.

DATED:  August 30, 2006.

Respectfully submitted,


 /s/   William P. Horn
WILLIAM P. HORN
District of Columbia Bar No. 375666
1155 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027

Attorney for Plaintiffs

M. REED HOPPER (*Pro Hac Vice*)
DAMIEN M. SCHIFF (*Pro Hac Vice*)
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiffs

PAUL CAMPOS (*Of Counsel*)
Home Builders Association of
Northern California
200 Porter Drive, Suite 200
San Ramon, CA  94583

Attorney for Plaintiff Home Builders Association of Northern California