IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOME BUILDERS ASSOCIATION OF NORTHERN CALIFORNIA, et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**U.S. FISH AND WILDLIFE SERVICE et al.,**<br><br>Defendants,<br><br>and<br><br>**CENTER FOR BIOLOGICAL DIVERSITY,**<br><br>Intervenor-Defendant. | Civ. No. 06-00932 (RWR) |

**INTERVENOR-DEFENDANT CENTER FOR BIOLOGICAL DIVERSITY'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**INTRODUCTION**

Plaintiff Home Builders Association of Northern California, et al. ("Home Builders") made a strategic decision not to join its eleven prior co-plaintiffs in intervening in Center for Biological Diversity v. U.S. Fish and Wildlife Service, Civ. 04-4324 (WHA) ("Center for Biological Diversity II") in which the District Court for the Northern District of California adjudicated the administrative rulemaking that Home Builders now seeks to challenge in this case. In Center for Biological Diversity II, the Court upheld the listing of the Central California tiger salamander as "threatened" under the Endangered Species Act. Having chosen to sit on the sidelines during this case, Home Builders now seeks to re-litigate the legality of the "threatened" listing for this species in a new forum. Litigating the exact administrative rulemaking in a second forum presents a great risk of inconsistent judgments and a great waste of the Courts' and parties' time and resources. While Home Builders undoubtedly has a private interest in avoiding

the adverse decision on the precise point it seeks to re-litigate, this private interest is far outweighed by the public interest in transfer. The transferee Court is well versed in the governing law and facts, transfer will conserve the resources of the Courts and of the parties, and the transfer will serve the interest of fairness by minimizing forum shopping.

In the face of such an overwhelming case for transfer, Home Builders submits six pages of vague, unsupported, and misleading generalities opposing transfer.[1] Home Builders gives no reason why, having chosen to file another recent case concerning the California tiger salamander in California, that this Court should now find that Home Builders' preference for the District of Columbia should outweigh all other factors. Each of Home Builders' unsupported assertions should be rejected, and this case transferred to Hon. Judge William H. Alsup in the Northern District of California.

**ARGUMENT**

I.     Where the Claim Arose is Not Dispositive in this Case

Home Builders claims, without support or citation, that the violation at issue "occurred" only in the District of Columbia because the rule was "signed into law" in Washington, D.C. Plaintiffs' Opposition to Motion to Transfer Venue to the Northern District of California ("Opposition") at 2. Home Builders has reversed its position 180 degrees since filing its last lawsuit challenging the listing of the Sonoma and Santa Barbara salamanders in the Eastern District of California. Complaint in Home Builders Association of Northern California, *et al.*, v. Steven A. Williams, *et al.*, Civ. No. 04-0345 LKK GGH ("Home Builders I".) (Attachment 4 to Exhibit A, Declaration of Kassia Siegel, filed in support of the Center for Biological Diversity's Motion to Intervene). Just as in The Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 15 (D.D.C. 2000), the alleged violation can be considered to have "occurred" in several different places, including in the Northern District of California, where Home Builders resides and where

---

[1] Federal Defendants have filed a response stating that they are not aware of any cause that would require the Motion to Transfer to be denied, and that the ruling on the matter rests in this Court's discretion. Defendant's Response to Motion to Transfer Venue at 1-2.

it claims it has been injured by the protection of the California tiger salamander under the Endangered Species Act.

Home Builders also claims, citing to Sheraton Operating Corp. v. Just Corporate Travel, 984 F. Supp. 22, 25 (D.D.C. 1987), that its choice of forum should be the most important factor in this Court's consideration of the motion to transfer venue. Home Builders twists the case law. Sheraton Operating Corp., a diversity case dealing with a dispute over payment for a block of hotel rooms, presented none of the important public interests at issue here. The full quotation cited by the Court in that case, yet conveniently truncated in Home Builders' brief, was "Ordinarily, the 'plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request.'" 84 F. Supp. 22, 25 (emphasis added; internal citations omitted). However, where public interest considerations are present, it is well settled in this District that they may be determinative over purely private interests:

> The final factor to consider is the "interest of justice," a somewhat amorphous term consisting of numerous considerations such as the desire to avoid multiple litigation from a single transaction, to try related litigation together, to conserve judicial resources, and to consider the regional nature of a dispute. See Wright et al., supra, § 3854. Amorphous though it may be, the interest of justice "may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction." Id.

Hawksbill Sea Turtle v. Federal Emergency Management Agency, 939 F. Supp. 1, 4 (D.D.C. 1996).

II.     Judge Alsup's Familiarity With the Governing Law and Facts Supports Transfer

Home Builders next claims that Judge Alsup, who has presided over two substantial cases dealing with the California tiger salamander, and who has previously upheld the precise portion of the final rule that Home Builders now seeks to invalidate, "does not possess any unique knowledge of the listing decision warranting a change of venue." Opposition at 3. Having decided not to participate in Center for Biological Diversity II, perhaps anticipating an unfavorable ruling and its attempt to re-litigate the issue in a new forum, Home Builders must be considered uniquely unqualified to opine on whether Judge Alsup has knowledge of the

governing law and facts that supports transfer. The procedural history detailed in Intervenor-Defendant Center for Biological Diversity's Opening Brief, as well as the August 19, 2005 Opinion in Center for Biological Diversity II, speak for themselves and will not be belabored here.

III.     All of the Relevant Factors Support Transfer

Without disputing the standard of review set forth in the Center for Biological Diversity's Opening Brief, Home Builders sets forth a straw-man argument that "the general venue statute does not support a transfer." Opposition at 4-5. This argument is spurious. It is undisputed that this case could have been brought in a number of different venues pursuant to 28 U.S.C. Section 1391. The question for this Court is whether the case should now be transferred pursuant to 28 U.S.C. Section 1404(a). It is well-settled that this determination is based on the nine factors outlined by Southern Utah Wilderness Alliance v. Norton, 315 F.Supp.2d 82, 85 (D.D.C. 2004) and The Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Home Builders' straw-man argument about the "general venue statute" adds nothing to the analysis and should be ignored by this Court.

IV.     Convenience and Justice Will be Furthered by Transfer

Home Builders devotes just two pages to a superficial discussion of the nine venue transfer factors discussed in the Center for Biological Diversity's Opening Brief, ignoring many entirely. As thoroughly detailed in the Center for Biological Diversity's Opening Brief, the degree to which the interests of justice favor transfer in this case is highly unusual. Judge Alsup has issued substantial decisions in two prior cases concerning the Central California tiger salamander, including ruling on the exact portion of the final rule challenged here, after consideration of voluminous briefing and an administrative record consisting of many thousands of pages. The interests of justice overwhelmingly weigh in favor of transfer. Plaintiffs, who are all based in California, make no valid argument why this case should be maintained in the District of Columbia. Transfer will reduce the risk of inconsistent judgments,

conserve the resources of the Courts and the parties, promote fairness by minimizing forum shopping, and be far more convenient for all involved.

## CONCLUSION

For all the foregoing reasons, the Motion to Transfer should be granted.

Respectfully submitted this 6th day of September, 2006.

/s/ Kassia R. Siegel
―――――――――――――――――――――

Kassia Siegel (Admitted Pro Hac Vice)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 549
Joshua Tree, CA 92252
Telephone: 760-366-2232
Facsimile: 760-366-2669

Erin M. Tobin (D.C. Bar No. 494948)
Katherine A. Meyer (D.C. Bar No. 244301)
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C. 20009
Telephone: (202) 588-5206
Facsimile: (202) 588-5049

Attorneys for Intervenor-Defendant Center for Biological Diversity